**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

RAI STRATEGIC HOLDINGS, INC. and
R.J. REYNOLDS VAPOR COMPANY,

Plaintiffs and Counterclaim Defendants,

     v.

ALTRIA CLIENT SERVICES LLC; PHILIP
MORRIS USA INC.; and PHILIP MORRIS
PRODUCTS S.A.,

Defendants and Counterclaim Plaintiffs.

Case No. 1:20-cv-00393-LO-TCB

**CONFIDENTIAL —**

**FILED UNDER SEAL**

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF**
**MOTION TO STRIKE UNTIMELY DISCLOSED INFRINGEMENT CONTENTIONS**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................. 1

FACTUAL BACKGROUND ........................................................................................... 2

LEGAL STANDARD ....................................................................................................... 9

ARGUMENT ................................................................................................................... 10

I.  Defendants' Late Disclosure Of Newly Asserted Infringement Claims Leaves Reynolds With Insufficient Opportunity To Prepare Its Case. ........................................................ 10

II.  The Newly Disclosed Claims Are Not Important To Defendants. ................................... 11

III.  Defendants Cannot Explain Why It Waited To Assert Claims 16-25 Until The Eve Of Expert Disclosures. ........................................................................................................ 12

CERTIFICATION .......................................................................................................... 12

CONCLUSION ............................................................................................................... 13

## INTRODUCTION

Five months into this case, after the parties briefed and argued claim construction, and just two weeks before the deadline for expert reports, Defendants and Counterclaim Plaintiffs Altria Client Services LLC and Philip Morris USA Inc. ("Defendants") have served new interrogatory responses that dramatically expand their claims of infringement of their '374 patent.  While Defendants already asserted that Plaintiffs and Counterclaim Defendants RAI Strategic Holdings, Inc. and R.J. Reynolds Vapor Company ("Reynolds") infringed nine claims of the '374 patent—more than Defendants could realistically present at trial—they have now more than doubled the number of asserted claims of that patent by adding ten more to the case.

Reynolds respectfully moves to strike Defendants' late-disclosed new claims of patent infringement.  Such a late and sudden expansion of the case would prejudice Reynolds by forcing it to investigate new claims, develop defenses, and present its expert report on invalidity as to the new claims in just two weeks.  There is no reason Defendants could not have disclosed their claims earlier.  The information Defendants cite in support of their new infringement claims was available to them even before they pleaded infringement in this case, as Reynolds produced the relevant information on June 1.  While Defendants try to justify their actions by pointing to other, later-obtained discovery that is cumulative of the same information, that is no excuse for failing to disclose those claims when they had the information they needed to do so.  Indeed, one of the newly produced documents they cite ███████████████████████████████████████ ███████████████████████████████████████████.  Defendants had all the information they needed months ago.  They simply did not conduct a diligent investigation.

Rule 37 forbids a party's use of information that was not timely disclosed in discovery "unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Defendants'

belated disclosure of new asserted claims is anything but.  Reynolds respectfully requests that its Motion to Strike be granted.

## FACTUAL BACKGROUND

Reynolds filed this case on April 9, 2020, alleging infringement of five United States patents.  (Dkt. 1.)  At the same time, Reynolds filed a complaint for patent infringement in the International Trade Commission.  The ITC quickly opened an investigation and the parties began conducting discovery in that forum.  On June 1, 2020, Reynolds produced documents describing the design, operation, and technical features of its VUSE Solo and VUSE Vibe devices, including their pressure sensors.[1]  (Laud Decl. ¶ 2.)  Among those documents was one that Defendants now cite in their newly disclosed infringement contentions.  (*Id.* ¶ 3; *see* Ex. B at 226-227.)  The parties agreed early in this case that "materials produced in the ITC investigation . . . shall be deemed produced in this action" as well.  (Dkt. 102 at 15.)

Defendants brought their patent infringement counterclaims in this case on June 29, 2020. (Dkt. 39.)  Although Defendants' counterclaim pleading contains detailed allegations based on a tear-down analysis of the puff sensors used in Reynolds's VUSE Solo device (*see id.* at ¶¶ 31-43), Defendants' pleading did not identify which claims of U.S. Patent No. 10,420,374 ("the '374 patent") Defendants believed were infringed; it merely stated that Reynolds's VUSE line of products infringed "one or more claims of the '374 patent, including claim 1." (*Id.* ¶ 29.) Defendants first identified the full set of asserted claims in response to a Reynolds interrogatory on September 30, identifying claims 1-4 and 6-10 of the '374 patent.  (Laud Decl. ¶ 6.)  The parties have since conducted discovery and engaged in the Court's prescribed process for claim

---

[1] Many electric smoking devices use pressure or airflow sensors to determine when a user is drawing air through the device so that they can activate the heater to generate vapor or smoke. These sensors are often called "puff sensors."

construction—identifying terms in need of construction, proposing constructions, briefing the legal issues, and arguing the issues to the Court—all on the assumption that the asserted claims of the '374 patent are claims 1-4 and 6-10.  (*See generally* Dkt. 97, 99, 223, 224, 309, 310, 340.)

The Court issued its claim construction order on November 25, making the parties' opening expert reports two due weeks later on Dec. 9.  (*See* Dkt. 334, 360.)  Just three days earlier, on the evening of Saturday, November 21, Defendants disclosed for the first time their intent to assert claims 16-25 of the '374 patent as well as claims 1-4 and 6-10.  (Laud Decl. ¶ 7.) Defendants did not provide their supplemental infringement contentions regarding claims 16-25 until nearly midnight Eastern time on November 24.  (Ex. B; Laud Decl ¶ 8.)

Defendants' infringement contentions for claims 16-25 cite three documents regarding the puff sensors in Reynolds's products.  (*See* Ex. B at 210-232.)  One is the Reynolds document discussed above, which was first produced to Defendants on June 1.  (*Id.* at 226-227; Ex. C (RJREDVA_000841859)).   That document explains Reynolds's understanding of how the







(Ex. C (RJRITC_000841859); *see* Laud Decl. ¶ 3 (identifying date of production).)  Reynolds also produced another document that contains substantially the same information on June 1.  (Ex. D (RJRITC_000912451); Laud Decl. ¶ 4).)

Of the other two documents cited in the new infringement contentions, one is a circuit diagram for the ▮▮▮▮▮▮▮ used in one of Reynolds's accused products.  (Ex. B at 223-225; Ex. E (RJREDVA_001616380).)   Although produced later, it contains a nearly identical description to the Reynolds document above:





Reynolds produced other documents regarding that sensor on June 1, including documents showing that ██████████████. (Ex. F (RJRITC_000958514, at -520).)  Moreover, ████████████████████████████████████████████████████████ ██████████████████████████████████████

The last document cited in Defendants' new infringement contentions is a presentation from the manufacturer of ▮▮▮▮▮▮▮ used in some of Reynolds's accused products. That document too contains a very similar description of how the product operates:





(Ex. H (RJREDVA_001619092).)

## LEGAL STANDARD

In relevant part, Rule 37(c)(1) provides that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), that party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In applying this Rule, the Fourth Circuit applies a five factor test requiring the district court to consider "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Southern States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

**ARGUMENT**

**I.     Defendants' Late Disclosure Of Newly Asserted Infringement Claims Leaves Reynolds With Insufficient Opportunity To Prepare Its Case.**

Factors 1-3 all favor striking newly disclosed claims 16-25 of the '374 patent from Defendants' latest set of infringement contentions in response to Reynolds's Interrogatory No. 8. First, Defendants' late disclosure of claims 16-25 was a surprise to Reynolds, "the party against whom the evidence would be offered." *Southern States*, 318 F.3d at 597.  Discovery on Defendants' asserted patents has been ongoing for months.  But at no time prior to November 24 (at midnight ET) did Defendants provide any contentions regarding alleged infringement of newly asserted claims 16-25.  Indeed, in response to Reynolds's Interrogatory No. 8 seeking Defendants' infringement contentions, Defendants identified only claims 1-4 and 6-10 as the asserted claims of the '374 patent, on September 30.  Based on Defendants' identification of the asserted claims, the parties then engaged in and completed the claim construction process over the course of the next month.  After completing all that work, it was only in the last week that Defendants disclosed their intention to more than double the scope of their claims related to the '374 patent by adding 10 new claims.

Second, Reynolds has no meaningful opportunity "to cure the surprise." *Id.*  Simultaneous to engaging in claim construction discovery, Reynolds has prepared its invalidity defenses based on Defendants' same September 30 disclosure of asserted claims.  Indeed, Reynolds has searched for prior art relevant to claims 1-4 and 6-10, developed its arguments to counter Defendants' assertion that claims 1-4 and 6-10 are entitled to claim priority to an earlier filed patent application, and analyzed its other potential invalidity defenses with respect to claims 1-4 and 6-10.  Reynolds provided detailed contentions on these issues on September 17, September 25, October 16, and November 5.  (Laud Decl. ¶ 9.)

10

Most recently, the Court issued its claim construction ruling on November 24, setting off the two-week deadlines for the parties' expert reports. (Dkt. 360.) Pursuant to the Court's revised scheduling order, the parties' opening expert reports on issues on which they bear the burden of proof are due December 9. (Dkt. 334.) Defendants' late disclosure of newly asserted claims thus leaves Reynolds with two weeks to complete all the same work for newly asserted claims 16-25 that it spent months completing for claims 1-4 and 6-10 in order to serve its opening expert report regarding the invalidity of the '374 patent. It also leaves Reynolds with no opportunity to seek claim construction of any new terms in claims 16-25 before expert reports, as the parties have already briefed and argued claim construction. Defendants' late disclosure thus imposes serious prejudice on Reynolds's ability to defend against the newly asserted claims at trial. *Jaguar Land Rover Ltd. v. Bentley Motors Ltd.*, No. 2:18-CV-320, 2020 WL 6387383 at *4 (E.D. Va. Aug. 27, 2020) (striking new invalidity contentions because late disclosure "has presented [opposing party] with a very short turn-around time to prepare its expert rebuttal").

## II.     The Newly Disclosed Claims Are Not Important To Defendants.

The fourth factor of the *Southern States* balancing inquiry, "the importance of the evidence," 318 F.3d at 597, favors granting Reynolds's motion to strike. Defendants have already asserted nine claims of the '374 patent, claims 1-4 and 5-10, and they continue to assert those claims. Defendants have not identified any differences between those claims and the newly asserted claims that would change what products Defendants accuse of infringement or what damages they seek to recover. In fact, Defendants have provided no explanation at all of why they seek to add ten new claims to the case at this late stage.

### III.     Defendants Cannot Explain Why It Waited To Assert Claims 16-25 Until The Eve Of Expert Disclosures.

Factor 5, "the nondisclosing party's explanation for its failure to disclose the evidence," *id.*, also favors striking claims 16-25 because Defendants cannot explain why they waited until this late date to assert them.  As explained above, the only new documents cited in Defendants' new infringement contentions are cumulative of other documents Reynolds first produced on June 1.  *See supra* pp. 3-9; Ex. C, E, F.  In particular, Exhibit C to this memorandum—one of the documents Defendants cite—was produced on June 1 and contains the same information as Exhibits E and H, the other two documents they cite.  Exhibit D was also produced on June 1 and contains substantially the same information. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Moreover, Defendants presumably needed *no* documents from Reynolds to understand ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See supra* p. 7; Ex. G.  Defendants should have known that information long ago.

In sum, a reasonably diligent review of Reynolds's productions and the information already known to Defendants months ago would have revealed the information that they now claim is new.  Defendants' failure to locate the information earlier can only be the result of a failure of diligence.

### CERTIFICATION

Pursuant to Local Rule 37(E), undersigned counsel certifies that they conferred with Defendants' counsel on November 27, 2020, and that they were unable to reach a resolution prior to the filing of this motion.

**CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court strike Defendants' interrogatory responses to the extent that they assert infringement of claims 16-25 of the '374 patent.

Dated: November 27, 2020

Respectfully submitted,

  _/s/ David M. Maiorana_____

Stephanie E. Parker
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
Telephone: (404) 521-3939
Facsimile: (404) 581-8330
Email: separker@jonesday.com

David M. Maiorana (VA Bar No. 42334)
Ryan B. McCrum
JONES DAY
901 Lakeside Ave.
Cleveland, OH 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Email: dmaiorana@jonesday.com
Email: rbmccrum@jonesday.com

Anthony M. Insogna
JONES DAY
4655 Executive Drive
Suite 1500
San Diego, CA 92121
Telephone: (858) 314-1200
Facsimile: (844) 345-3178
Email: aminsogna@jonesday.com

John J. Normile
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: jjnormile@jonesday.com

William E. Devitt
JONES DAY
77 West Wacker
Suite 3500
Chicago, IL 60601
Telephone:  (312) 269-4240
Facsimile:  (312) 782-8585
Email: wdevitt@jonesday.com

Alexis A. Smith
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Telephone:  (213) 243-2653
Facsimile:  (213) 243-2539
Email:  asmith@jonesday.com

Sanjiv P. Laud
JONES DAY
90 South Seventh Street
Suite 4950
Minneapolis, MN 55402
Telephone:  (612) 217-8800
Facsimile:  (844) 345-3178
Email: slaud@jonesday.com

Charles B. Molster, III Va. Bar No. 23613
THE LAW OFFICES OF
CHARLES B. MOLSTER, III PLLC
2141 Wisconsin Avenue, N.W. Suite M
Washington, DC 20007
Telephone:  (703) 346-1505
Email:  cmolster@molsterlaw.com

*Counsel for Plaintiffs RAI Strategic Holdings,*
*Inc. and R.J. Reynolds Vapor Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of November, 2020, a true and correct copy of the foregoing was served using the Court's CM/ECF system, with electronic notification of such filing to all counsel of record.

/s/ David M. Maiorana
David M. Maiorana (VA Bar No. 42334)
JONES DAY
901 Lakeside Ave.
Cleveland, OH 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Email: dmaiorana@jonesday.com

*Counsel for Plaintiffs RAI Strategic Holdings, Inc. and R.J. Reynolds Vapor Company*

15