**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| RAI STRATEGIC HOLDINGS, INC. AND R.J. REYNOLDS VAPOR COMPANY<br><br>    Plaintiffs and<br>    Counterclaim Defendants,<br><br>v.<br><br>ALTRIA CLIENT SERVICES LLC; PHILIP MORRIS USA INC.;<br>and PHILIP MORRIS PRODUCTS S.A.<br><br>    Defendants and<br>    Counterclaim Plaintiffs. | Case No. 1:20-cv-00393-LO-TCB<br><br>REDACTED |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'**
**MOTION TO STRIKE INFRINGEMENT CONTENTIONS**

## **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. FACTUAL BACKGROUND .................................................................................3

III. LEGAL STANDARD..............................................................................................7

IV. ARGUMENT ...........................................................................................................8

    A.    Defendants' Supplemental Infringement Contentions Were Provided In A Timely Manner After Reynolds' Belated Discovery Supplementation ..................8

    B.    Even If Defendants' Supplemental Infringement Contentions Are Somehow Deemed Untimely, Any Alleged Failure To Disclose Is "Substantially Justified" And "Harmless" ...........................................................12

    C.    Even If Defendants' Supplemental Infringement Contentions Are Somehow Deemed Untimely, Unjustified And Not Harmless, Preclusion Sanctions Are Not Warranted ...............................................................................18

V. CONCLUSION.....................................................................................................18

# **TABLE OF AUTHORITIES**

## **CASES**

*Ace Am. Ins. Co. v. McDonald's Corp.*,
No. GLR-11-3150, 2012 WL 2523883 (D. Md. June 28, 2012) ........................................ 13, 15

*Biedermann Techs. GmbH & Co. KG v. K2M Inc.*, ..................................................... 15

*Jaguar Land Rover Ltd. v. Bentley Motors Ltd.*,
No. 2:18-cv-320, 2020 WL 6387383 (E.D. Va. Aug. 27, 2020) ............................................. 15

*Kinlaw v. Nwaokocha*,
No. 17-cv-772, 2019 WL 2288445 (E.D. Va. May 29, 2019) ..................................................... 8

*Lopez-Krist v. Salvagno*,
No. ELH-12-01116, 2013 WL 5705437 (D. Md. Oct. 17, 2013) ............................................. 14

*Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*,
318 F.3d 592 (4th Cir. 2003) ........................................................................................ 1, 8

*Tritchler v. Consolidation Coal Co.*,
91 F.3d 134, 1996 WL 379706 (4th Cir. June 28, 1996) ..................................................... 8, 18

*United States ex rel. Skibo v. Greer Labs., Inc.*,
No. 5:13-cv-110, 2019 WL 1992139 (W.D.N.C. May 6, 2019) ............................................. 12

## **RULES**

Fed. R. Civ. P. 37(c)(1) ................................................................................................. 7

## I.     INTRODUCTION

Defendants Altria Client Services LLC and Philip Morris Products USA Inc. ("Defendants") diligently informed Reynolds of their intention to assert U.S. Patent No. 10,420,374 ("the '374 patent") claims 16 – 25 *within days* of Reynolds' producing the discovery necessary to support assertion of those claims, and served their detailed supplemental infringement contentions directed to those claims three days later.  In a baseless attempt to try to avoid facing Defendants' infringement claims on the merits, Reynolds seeks to strike them based on a gross misrepresentation of the discovery record.  What is clear—based upon the actual and undistorted record—is that the timing of Defendants' supplementation was dictated by Reynolds' own continuing discovery failures and delays.   Reynolds' motion is another instance of the "gamesmanship" for which Reynolds has already been admonished by this Court (and should be once again now on this motion).

Reynolds cites no authority for the extraordinary exclusion relief it seeks on its motion— none.  Defendants are aware of no case in this Court or elsewhere in which supplementation of contentions under Federal Rule of Civil Procedure 26(e) has been found untimely and stricken where, as here, a party diligently supplemented within days of receiving new information supporting the supplementation, the delay (if any) in receiving such new information was of the other side's own making, two months remain in discovery at the time of supplementation, expert discovery has not yet commenced, and no trial date has been set.

Regardless, even if Defendants' supplementation were somehow deemed untimely (it is not), Reynolds falls far short of meeting any of the five factors enumerated in *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003) that Courts look to in considering whether such supplementation is "substantially justified or harmless" under Federal Rule of Civil Procedure 37(c)(1).

*First*, Reynolds cannot claim surprise under *Southern States* Factor 1 by the newly asserted claims where, as here, the facts giving rise to assertion of claims 16 – 25 were possessed by Reynolds alone.  Reynolds' feigned surprise cannot be squared with Reynolds' own pleadings in this case.  Defendants' counterclaim was not limited to specific claims of the '374 patent, and Reynolds' answers to that counterclaim pled affirmative defenses of invalidity and non-infringement directed to all of the '374 patent claims.  (Dkt. 70 at 17; Dkt. 274 at 18.)  Reynolds was no doubt aware of the pressure sensor oscillation circuitry and its operation in its own products that ultimately provided the basis for Defendants' assertion of claims 16 – 25 in its supplemental infringement contentions.  Reynolds was also aware that Defendants were actively pursuing this information through discovery.  Both sides have repeatedly supplemented their discovery responses in this case.  Defendants' supplementation—after Reynolds belatedly produced its pressure sensor oscillation circuitry—could not have been a surprise to Reynolds.

*Second*, Reynolds cannot credibly claim an inability to cure, or disruption of trial, under *Southern States* Factors 2 and 3, with two months remaining in discovery and no trial date.  Expert discovery has yet to begin and both sides are actively immersed in fact discovery.  Although complaining that *Markman* proceedings have already concluded (in which the Court rejected all 13 of Reynolds' proposed claim constructions), Reynolds fails to identify even a single term in the newly-asserted claims that requires construction.  And even if Reynolds' hypothetical claim construction concern were to materialize, there is ample time before the yet unscheduled trial for the Court to address it.

*Third*, Reynolds cannot credibly claim that the assertion of claims 16 – 25 is unimportant under *Southern States* Factor 4.  To do so would gut its contrived claim of prejudice.  If the newly-asserted claims are unimportant and redundant, as Reynolds contends, there should be no new

2

issues.  If on the other hand, the newly asserted claims are different (and they are), then such claims are by definition important.  For example, it would be important for Defendants to have the opportunity to present to the jury the full range of infringed claims as a backstop to Reynolds' invalidity challenges in this case.

*Finally*, Defendants have irrefutably explained the timing of their supplementation under *Southern States* Factor 5.  That timing was dictated by Reynolds' repeated and continuing discovery delays and failures.

Reynolds cites no authority that comes close to supporting discovery sanctions on this record.  But even if Defendants contentions are somehow deemed untimely, unjustified and not harmless, more than ample time remains for Reynolds to prepare its response to Defendants' supplemental infringement contentions.  Reynolds cites no authority for the draconian preclusion relief it seeks on the facts here—the request is entirely unsupported by law.

Defendants, in their communications with Reynolds leading up to the meet and confer on this motion, implored Reynolds not to perpetuate its pattern of baseless discovery conduct.  (*See* Ex. 2 (11/25/2020 M. Grant email to C. Molster).)  Reynolds nevertheless proceeded with its ill-founded motion.  Reynolds' motion should be denied, and Reynolds should once again be admonished for its discovery (mis)conduct in filing the present motion based on a misrepresentation of the record and without legal basis.

## II.   FACTUAL BACKGROUND

On June 29, 2020, Defendants asserted its counterclaims of infringement in this case, including its counterclaim that Reynolds' Vuse products (*i.e.*, Ciro, Alto, Vibe, and Solo) infringe the '374 patent.  (Dkt. 39 (Counterclaims) at ¶¶ 28-47.)  All of the '374 patent claims are directed to electronic vaping devices comprising a "puff sensor" and other limitations.  Defendants'

counterclaims identified "one or more claims of the '374 patent, including claim 1" as infringed by Reynolds. (*Id*. at ¶ 29.)

Reynolds answered Defendants' counterclaims on August 3, 2020, asserting among others, an affirmative defense of non-infringement on *all* claims of the '374 patent—i.e., that Reynolds does "not infringe any valid and enforceable claim" of the '374 patent. (Dkt. 70 at 17.) Reynolds repeated its affirmative defense as to *all* '374 patent claims in its amended answer, filed October 30, 2020. (Dkt. 274 at 18.) Reynolds' affirmative defense was thus directed not only to initially identified '374 patent claim 1, but *all* of the '374 patent claims, including '374 patent claims 16 – 25 asserted in Defendants' supplemental infringement contentions. Like claim 1, claim 16 is directed to an "electronic vaping device" comprising a "puff sensor" and other limitations. (Ex. 3 ('374 patent) at 12:60-13:23, 14:47-65.) However, claim 16 (and its associated dependent claims 17 – 25) additionally recite a feature absent in claim 1: a "controller including an oscillation circuit," wherein the controller is configured to "measure a variation in an oscillation frequency of the oscillation circuit, and to selectively actuate a heater based on the variation in an oscillation frequency of the oscillation circuit." (*Id*. at 14:47-65.) Reynolds presumably investigated its asserted affirmative defenses about its own commercial products, and most certainly was aware at least as of the filing of Defendants' counterclaims of the potential future assertion of additional claims of the '374 patent.

***Document Requests***. In August 2020, Defendants served requests for production on Reynolds seeking specific technical information relating to the pressure/puff sensors used in the accused Vuse products. (Ex. 4 (8/11/2020 First Set of RFP) at RFP Nos. 106, 113, 114, 126, 129.) In October, Defendants noted significant deficiencies in Reynolds' production and followed up several times on these requests,                                    REDACTED

4

REDACTED

.  (Ex. 5 (10/9/2020 Humphrey letter), Ex. 6 (10/16/2020 Humphrey email).)  Reynolds refused to provide responsive documents that were within its control, and Defendants moved to compel.  (Dkt. 219.)

The Court granted Defendants' motion to compel, noting that Defendants' "document requests were served on August 11, 2020, and substantial completion was due on October 23, 2020."  (Dkt. 263.)  The Court ordered Reynolds to produce the technical documents and "fully cure all deficiencies in their production" by November 6, 2020.  Reynolds failed to meet this deadline, and sought an extension of the Court-ordered deadline.  (Dkt. 301, 304.)  Reynolds continued to produce nearly 70,000 pages of documents after the October 23, 2020 substantial completion deadline, for the next four weeks, through November 20, 2020.  (Ex. 1, Koh Decl. ¶ 2.)

***Interrogatories***.  In September 2020, Defendants served interrogatories on Reynolds, seeking the description and identification of "any puff sensor assembly… in each of the RJR Accused Products, including, but not limited to, the manufacturer, designer, components, properties, dimensions, operation, and materials comprising the puff sensor."  (Ex. 7 (Defendants' Interrogatory No. 20).)  In response, on October 29, Reynolds                REDACTED


(Ex. 8 (Reynolds' Response to Interrogatory No. 20).)  It was not until November 3, 2020—***after*** Reynolds was compelled to produce technical documents on the pressure/puff sensor from its suppliers—that Reynolds finally identified                REDACTED

.  (Ex. 9 (Reynolds' Second Supplemental Response to Interrogatory No. 20) at 3.)

Reynolds again supplemented its interrogatory response on November 17, 2020—three days before Defendants were scheduled to take the Rule 30(b)(6) deposition   REDACTED

REDACTED

REDACTED

. (*Id*. at 3-4.)

***Deposition Testimony***.  On November 20, Defendants took   REDACTED

REDACTED

Despite Defendants' repeated requests for supplementation and this Court's Order to produce technical production, prior to Reynolds' November interrogatory supplementation and document production, and the Daugherty deposition, Reynolds had not yet identified [REDACTED]

r.  Such information was first provided to Defendants in the patchwork of Reynolds' untimely supplemental interrogatory response   REDACTED

REDACTED

.[1]

One day after Mr. Daugherty's deposition, on November 21, Defendants notified Reynolds of their intent to assert claims 16 – 25 of the '374 patent, based on recently obtained discovery and Defendants' continued and ongoing investigation.  (Ex. 11 (11/21/2020 Ltr. to J. Michalik).)  On November 24, 2020, Defendants served their supplemental infringement contentions to include claims 16-25, citing to Mr. Daugherty's deposition testimony and Reynolds' late-produced documents, including documents identified in Reynolds' November 17 interrogatory responses.

## III.   LEGAL STANDARD

A party has a duty to disclose supplemental interrogatory responses in a "timely manner" under Federal Rule of Civil Procedure 26(e).  Rule 37(c)(1) is applicable to failures by a party to provide required supplementation under Rule 26(e).  Upon a showing of a failure to timely supplement, a court may strike such supplementation, unless such failure "was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Courts consider the following factors to determine whether a nondisclosure of evidence is "substantially justified or harmless":  (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the

---

[1] As discussed below, Reynolds attempts to justify its discovery delays by reference REDACTED

.

Most tellingly, Reynolds itself *failed to identify or refer to the document in its interrogatory responses or its supplemental interrogatory responses directed to the puff sensors used in its commercial products*.  Reynolds' reliance on this document (and another one like it) as justification for its delay REDACTED borders on specious.

importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.  *Southern States*, 318 F.3d at 596.

Courts recognize that "[g]enerally, preclusion is considered a drastic remedy." *Tritchler v. Consolidation Coal Co.*, 91 F.3d 134, 1996 WL 379706, at *2 (4th Cir. June 28, 1996).  Rule 37(c)(1) expressly authorizes the district court to consider lesser remedies to preclusion, and district courts have broad discretion to select an appropriate remedy in light of the totality of the circumstances.  *Southern States*, 318 F.3d at 593.

## IV.   ARGUMENT

### A.   Defendants' Supplemental Infringement Contentions Were Provided In A Timely Manner After Reynolds' Belated Discovery Supplementation

Defendants timely notified Reynolds of their intent to supplement their infringement contentions to include claims 16 – 25 of the '374 patent on November 21, 2020—the day after Reynolds' 30(b)(6) witness        REDACTED

. Defendants supplemented their infringement contentions a mere three days later, on November 24, 2020.  Fact discovery is ongoing, and does not close until January 27, 2021.  (Dkt. 334, 360.)  Because Defendants disclosed their supplemental infringement contentions in a timely manner before the close of discovery, Rule 37(c)(1) is inapplicable, and Reynolds' motion to strike must be denied.  *Kinlaw v. Nwaokocha*, No. 17-cv-772, 2019 WL 2288445, at *4 (E.D. Va. May 29, 2019) (Rule 26(e) supplementation before the close of discovery is a "timely supplementation under Fed. R. Civ. P. 26(e)").

Further, the timing of Defendants' supplementation is a direct result of Reynolds' dilatory discovery responses and belated document production.  Defendants' supplemental infringement contentions adding '374 patent claims 16 – 25 ***are based on discovery Reynolds provided just days prior to the contentions***.  (*See* Dkt. 362-2, Ex. B.)  Defendants' supplemental infringement

contentions rely on information disclosed in Reynolds' November 3 and 17, 2020 supplemental interrogatory responses, three technical documents from Reynolds' production, and the deposition testimony of Mr. Daugherty.  (*Id*.)

Reynolds' supplemental interrogatory responses         REDACTED

t.  *Id*.

And, as described below, Reynolds produced two of the three documents in November—only ***after*** the Court compelled Reynolds to produce responsive documents in its control.  The third relied-upon document, alone without the supplemental interrogatory responses, late-produced documents, and Daugherty testimony, was insufficient to support Defendants' supplemental infringement contentions.

Reynolds produced the first document relied on in Defendants' supplemental infringement contentions, RJREDVA_001619092, on November 13, 2020.  (Dkt. 392-8 Ex. H; Koh Decl. ¶ 3.) This document                            REDACTED

REDACTED

."  (*Id*.; Ex. 3 ('374 patent) at 14:47-65.)

Reynolds produced the second of the relied upon documents, RJREDVA_001616380, on November 5, 2020.  (Dkt. 392-5 Ex. E; Koh Decl. ¶ 4.)  This document       REDACTED

9

REDACTED

.     REDACTED

Reynolds produced the third document, RJREDVA_000841859, on September 17, 2020.

(Dkt. 392-3 Ex. C; Koh Decl. ¶ 5.)  This Reynolds document          REDACTED

(*Id*. at RJREDVA_000841863.)

Reynolds makes much of this third document, and bases its motion on it (and one other similarly non-descript early document previously produced by Reynolds).   But this third document,      REDACTED     , is not cumulative of the other cited documents, and absent the other later-produced documents, supplemental interrogatory responses, and Daugherty testimony, fails to provide sufficient basis for Defendants' contentions.  For example, REDACTED

.

10

On its face, the third document could not have served as a basis for Defendants' infringement claims, as confirmed by Reynolds' own interrogatory responses.  ***None of Reynolds' interrogatory responses or supplemental interrogatory responses identified this third document*** *(or the other one like it cited by Reynolds in its motion).*  (*See* Ex. 9 (Reynolds' Second Supp. Response to Interrogatory No. 20).)  In fact, the significance of this document was not divined until Mr. Daugherty's November 20 deposition, where he testified          REDACTED

) Prior to that testimony, this document, which is the foundation of Reynolds' entire motion, was never identified by Reynolds or in any manner linked to the puff sensors in the actual accused products.

Rather than support Reynolds' motion, the third document (and the other one like it) compels its denial.          REDACTED

Either way, the fact that Reynolds buried this non-descript document in its production and failed to identify it in connection with the accused sensors is fatal to its motion.

Reynolds thus stymied the production of highly relevant documents   REDACTED

until November 2020, after the Court

compelled Reynolds to do so, undermining Defendants' investigation.   Only after Defendants

obtained this critical information from Reynolds, confirmed          REDACTED

through 30(b)(6) testimony, and consulted with their expert about this

newly obtained information, were Defendants able to supplement their contentions to include

claims 16 – 25.   Defendants did so promptly, within days of obtaining the information.   It was

Reynolds—not Defendants—who directly caused any alleged "delay" of Defendants' contentions.

Defendants' disclosure is therefore timely.   *United States ex rel. Skibo v. Greer Labs., Inc*., No.

5:13-cv-110, 2019 WL 1992139, at *4 (W.D.N.C. May 6, 2019) (supplemental disclosures based

on receipt of new information and documents, when there was no specific deadline for Rule 26(e)

supplementation, were timely).

**B.      Even If Defendants' Supplemental Infringement Contentions Are Somehow Deemed Untimely, Any Alleged Failure To Disclose Is "Substantially Justified" And "Harmless"**

Even if Defendants' supplementation is somehow deemed untimely in the face of

Reynolds' repeated discovery delays and failures, Reynolds fails to show that Defendants'

infringement contentions for claims 16 – 25 should be stricken.   Analysis of the five *Southern*

*States* factors compels a finding that Defendants' supplemental disclosures, even if untimely

(which they are not), are "substantially justified or harmless," as follows.

*Factor 1 (Surprise)*.   Reynolds contends that it was "surprised" by Defendants' disclosure

of claims 16 - 25, because Defendants did not identify these claims in their ***initial*** infringement

contentions on September 30.   Dkt. 392 at 10.   But there is no requirement in this case that

contentions are limited to those disclosed in initial contentions.   Fact discovery does not close until

January 27, 2021, and both parties have repeatedly supplemented their contentions since

September.   Indeed, Reynolds notes that it has repeatedly supplemented its own invalidity contentions for the '374 patent.  (Dkt. 392 at 10 ("Reynolds provided detailed contentions on these [invalidity] issues on September 17, September 25, October 16, and November 5").)  It cannot be a surprise to Reynolds that Defendants updated their contentions to include recent evidence obtained during discovery—just as Reynolds has done.  *Ace Am. Ins. Co. v. McDonald's Corp*., No. GLR-11-3150, 2012 WL 2523883, at *5 (D. Md. June 28, 2012) (no surprise when Rule 26(e) supplementation was made before discovery deadline, and denying motion to strike).

Reynolds' feigned surprise is belied by its pleadings and by its assertions on this motion. As noted, Defendants '374 patent counterclaim was not limited to specific claims, and instead pled that *one or more* claims, including claim 1, were infringed.   Reynolds understood that the counterclaim was not so limited as evidenced by its affirmative defense in its initial and amended answers to Defendants' counterclaims that all of the '374 patent claims are either invalid or not infringed.  (Dkt. 70 at 17; Dkt. 274 at 18.)  Presumably, Reynolds investigated its affirmative defense, and had a basis for its pleading.  It could come as no surprise that claims 16 – 25 could ultimately be at issue.  And although Reynolds was not forthcoming regarding the oscillation circuitry in the accused puff sensors (*see* Section IV.A., *supra*), Reynolds contends it knew all along that such circuitry existed in its accused products and how such circuitry operated (if so, why is that information omitted from its interrogatory responses?).  Reynolds cannot credibly claim to be surprised by Defendants' inclusion of the claims 16 – 25 after Reynolds belatedly disclosed the puff sensors in the accused products, and their operation and structure.

*Factor 2 (Opportunity to Cure); Factor 3 (Trial Disruption)*. Reynolds contends that it has no opportunity to "cure the surprise," because it has already prepared its invalidity defenses based on Defendants' September 30 initial disclosure of asserted claims, and has only two weeks to

prepare its expert reports.  (Dkt. 392 at 10-11.)  But as discussed for Factor 1, Reynolds' own pleadings belie its assertion now that it has not previously considered and contemplated its defenses to claims 16 – 25.  Defendants' supplementation (the timing of which was dictated by Reynolds' recalcitrance) comes with two months left in discovery, weeks before any expert discovery, and before any trial date has been set.  Reynolds has more than ample time to prepare its responsive contentions, particularly having admittedly considered all of the '374 patent claims previously.

Reynolds does not even attempt to argue that Factor 3 (disruption of trial) supports striking Defendants' supplemental infringement contentions – nor could it.  A trial date has not even been set in this case.  And given the Court's recent General Order regarding the ongoing pandemic, it is difficult to determine when trial could even be scheduled to proceed.  (*See* General Order 2020-22,  at  https://www.vaed.uscourts.gov/sites/vaed/files/Gen%20Order%202020-22%20%20-%20Temporary%20Suspension%20of%20Jury%20Trials.pdf.)

Reynolds' concerns regarding the complete *Markman* proceedings also ring hollow.  Reynolds fails to identify any claim term that it wishes to construe.  (*See* Dkt. 392 at 11.)  There is none.  And even if Reynolds were to identify a new claim term at issue, there is again ample time and opportunity for the Court to address it.[2]

Reynolds cites no case supporting striking of Defendants' contentions on the facts of this case.  To the contrary, fact discovery is ongoing, and no trial date has been set.  Exclusion of Defendants' contentions is inappropriate in this instance.  *See, e.g.*, *Lopez-Krist v. Salvagno*, No. ELH-12-01116, 2013 WL 5705437, at *10 (D. Md. Oct. 17, 2013) (denying motion to strike when

---

[2] The Court's willingness to do so may be informed by its disagreement with all of the 13 constructions Reynolds proposed for Defendants' patents during the *Markman* proceedings in this case.  (*See* Dkt. 360.)

"the evidence will not delay the trial, as no trial date has yet been set"); *Ace Am. Ins*., 2012 WL 2423883, at *5 (same); *Biedermann Techs. GmbH & Co. KG v. K2M, Inc*., No. 2:18-cv-585, 2020 WL 1648470, at *3 (E.D. Va. Mar. 16, 2020) (denying motion to strike new infringement assertions made prior to close of discovery and prior to opening expert reports).

Reynolds' reliance on *Jaguar Land Rover Ltd. v. Bentley Motors Ltd.*, is misplaced. In *Jaguar*, Bentley served belated supplemental invalidity contentions more than **six months** *after* **discovery had already closed**. No. 2:18-cv-320, 2020 WL 6387383, at *2 (E.D. Va. Aug. 27, 2020). Bentley also "failed to offer any reasonable explanation" for why it could not have supplemented earlier, during fact discovery. *Id*. at *2-3. Here, on the other hand, Defendants served their supplemental contentions more than two months *before* the close of discovery. And (as discussed below), Defendants provided a reasonable explanation for the timing of their disclosures, which was dictated by Reynolds' own failure to timely produce highly relevant discovery.

Because discovery is ongoing, Reynolds has ample opportunity to seek any further discovery it might need. Information on the accused Vuse products is within its possession, custody, or control. Reynolds' claims of "severe prejudice" is simply unfounded.

*Factor 4 (Importance of the Evidence to Defendants)*. Reynolds' contention that claims 16 – 25 are "not important" is facially wrong and refuted by its willingness to file this motion in the face of its own dilatory discovery conduct that led to Defendants' supplementation. To the extent Reynolds argues that there are no differences between claims 16 – 25 and previously-asserted claims, this would lay to rest Reynolds' arguments of "surprise" and "prejudice." But Reynolds knows better. Claims 16 – 25 include elements relating to the oscillation circuitry not present in the originally asserted claims. The inclusion of these claims could thus have important

implications on the issue of validity.  Although Defendants believe that all of the asserted claims are valid and infringed, as this Court will appreciate, a jury could conceivably find Defendants' earlier-asserted claims invalid, while upholding the validity of claims 16 – 25 based on the additionally recited circuitry elements.  The importance of this additional layer of protection is tremendous.  Reynolds' assertion that "Defendants have not identified any differences between the [already-asserted] claims and the newly asserted claims [16-25]" is folly.  (Dkt. 392 at 11.)  The differences are apparent from the plain language of the claims themselves.

*Factor 5 (Defendants' Explanation For Any Failure To Disclose)*.  Defendants have provided a complete explanation for any purported delay in their supplemental infringement contentions.  (*See supra*, Section IV.A.)  Reynolds asserts that Defendants should have included claims 16 – 25 earlier, because Reynolds produced one cited document, and a substantially similar document in June 2020.  (Dkt. 392 at 12, Exs. C, D.)  In fact, even Exhibits C and D, upon which Reynolds bases its motion, were not available for use in this case until September 17, 2020.[3]  But more importantly, neither exhibit (alone or together) provided a basis for assertion of claims 16 – 25, as discussed above. (*See supra*, Section IV.A.)  Both documents          REDACTED

. (Dkt.

392, Ex. C, D.)                              REDACTED

---

[3] Reynolds appears to assert that Defendants should have asserted claims 16 – 25 back in June, when Defendants filed their counterclaims, based on the June 1 production in the related ITC action.  (*See* Dkt. 392 at 2, 12; Laud Decl. ¶ 2.)  But Defendants had no ability to use such documents in this case, until September 17, 2020 at the earliest, when the Protective Order was entered and a cross-use agreement was put in place.  (Dkt. 103 ¶ 18.)  Regardless, as discussed, the documents are not cumulative of Reynolds' late-produced, compelled, technical documents specific to the puff sensors in the accused Vuse products.

REDACTED

. (*See* Dkt. 392 at 7; Dkt. 392-6 Ex. F.)

Reynolds itself gave no weight to these documents, because it failed to identify them in its interrogatory response (or any subsequent supplemental responses) seeking the description and identification of the puff sensor assembly in the accused Vuse products.  (*See* Ex. 9 (Reynolds' Second Supp. Response to Interrogatory No. 20) at 2-4.)   Thus, Reynolds' earlier-produced documents are not cumulative of the specific, technical documents Reynolds was compelled to produce in November, and which Defendants relied on, along with Reynolds interrogatory supplementation and Rule 30(b)(6) deposition of Mr. Daugherty, to assert claims 16 – 25.

Reynolds' assertion that Defendants needed no documents because      REDACTED

REDACTED

REDACTED

17

REDACTED                    .  (Ex. 9 (Second Supp. Response to Interrogatory No. 20).)

If, as Reynolds seems to contend, it was fully aware of the earlier documents, it obfuscated that knowledge during discovery by failing to identify them in its interrogatory responses.   If on the other hand, Reynolds itself was unaware of the earlier documents or their relevance to its accused products, it cannot fault Defendants for failing to somehow associate those documents with Reynolds' accused commercial products.  Either way, this factor does not support Reynolds' motion.

Contrary to Reynolds' assertion, Defendants have provided a full, reasonable explanation for the timing of its disclosures, and Reynolds relies on a misrepresentation of the discovery record to assert otherwise.

**C.    Even If Defendants' Supplemental Infringement Contentions Are Somehow Deemed Untimely, Unjustified And Not Harmless, Preclusion Sanctions Are Not Warranted**

Preclusion is a "drastic remedy."  *Tritchler*, 1996 WL 379706, at *2.  Under Rule 37(c)(1), the Court has discretion to fashion whatever relief it deems appropriate in the case of a failure to disclose under Rule 26(e).  For the reasons noted above, Defendants' supplemental infringement contentions are not untimely, their conduct is substantially justified, and any delay here is harmless in any event.  Nevertheless, should the Court determine that Defendants are somehow in violation of Rule 26(e), the sanction of preclusion would be unwarranted.

**V.     CONCLUSION**

Defendants respectfully request that the Court deny Plaintiffs' request to strike Defendants' supplemental infringement contentions as to claims 16 – 25 of the '374 patent.

Dated: December 2, 2020

Respectfully submitted,

By: */s/ Lawrence J. Gotts*
Lawrence J. Gotts (VSB No. 25337)
(lawrence.gotts@lw.com)
Maximilian A. Grant  (VSB No. 91792)
(max.grant@lw.com)
Matthew J. Moore (pro hac vice)
matthew.moore@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004
Telephone:  (202) 637-2200
Facsimile:   (202) 637-2201

Clement J. Naples (pro hac vice)
clement.naples@lw.com
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
Tel: (212) 906-1200; Fax: (212) 751-4864

Gregory J. Sobolski (pro hac vice)
Greg.sobolski@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 391-0600
Facsimile:   (415) 395-8095

Brenda L. Danek (pro hac vice)
brenda.danek@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700; Fax: (312) 993-9767

*Counsel for Defendants Altria Client Services
LLC, Philip Morris USA Inc., and Philip Morris
Products S.A.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of December, 2020, a true and correct copy of the foregoing was served using the Court's CM/ECF system, with electronic notification of such filing to all counsel of record:

<u>/s/ Lawrence J. Gotts</u>
Lawrence J. Gotts (VSB No. 25337)
(lawrence.gotts@lw.com)
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004
Telephone:  (202) 637-2200
Facsimile:  (202) 637-2201

*Counsel for Defendants Altria Client Services LLC, Philip Morris USA Inc., and Philip Morris Products S.A.*