IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RAI STRATEGIC HOLDINGS, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| v. ) | Case No. 1:20-cv-393 |
| ) | Hon. Liam O'Grady |
| ALTRIA CLIENT SERVICES, LLC, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

## ORDER

Before the Court is Defendants' motion to lift the stay as to Defendants' five asserted patents. *See* Dkt. 447. After careful consideration of the Parties' positions, the Court **GRANTS** Defendants' motion.

The Court will not restate a comprehensive factual and procedural history of this dispute, which the Parties present in their responsive briefing. *See* Dkt. 449, at 4–5; Dkt. 450, at 5–8. In short, the Court entered a complete stay of the matter on December 7, 2020 pending the development of parallel PTAB proceedings instituted by Defendants. *See* Dkt. 432; *see also* Dkts. 426, 444. Throughout this case, and in connection with the stay entered in December, the Court has endeavored to avoid duplicative and piecemeal adjudication of claims. *See, e.g.*, Dkt. 98. Still, the Court recognizes that the interests of judicial economy cannot blindly override the obligation to adjudicate live cases and controversies, especially when significant countervailing prejudice will afflict a party with otherwise actionable claims. To that end, the Court does not view Defendants' request to partially lift the stay as a "thinly-veiled motion for reconsideration." *See* Dkt. 450, at 5. Instead, it perceives Defendants' request as urging the Court to revisit its prior Order based on recent developments in the PTAB. *See* Dkt. 451, at 6.

Had the PTAB declined to institute post-grant review of Plaintiffs' '268 and '542 patents, the Parties' respective claims and counterclaims would have remained on the same litigation track. This prospect was the basis for the Court's initial decision to stay the entire action.

However, now that the PTAB has decided to institute post-grant review of the '542 patent, Dkt. 446, at 1, the Court finds that an indefinite, multi-year hold on the counterclaims pending resolution of the ongoing PTAB proceedings would result in significant prejudice to the Defendants, who were hauled into this Court by Plaintiffs in the first instance. The Court understands Plaintiffs' position that Defendants have vigorously asserted the commonalities between the Parties' respective claims and counterclaims in their previous motions practice. Dkt. 450, at 11. However, the Court notes that its decision to partially lift the stay owes not to a lack of "common technical, commercial, and damages issues" in the competing causes of action, but rather to the undesirability and prejudicial effect of a "trial-ready" dispute sitting "dormant for three years or more." See Dkt. 451, at 10. If PTAB invalidation statistics hold, such a delay will likely prove needless. Id. at 7 & n.3. The Court also identifies scant evidence to suggest that a total stay will simplify issues for trial, or that Plaintiffs will suffer legal prejudice by being compelled to continue down a litigation path on which they initially embarked. See Centripetal Networks, Inc. v. Cisco Systems, Inc., 2019 WL 8888195, at *2–3 (E.D. Va. Sept. 18, 2019).

Accordingly, the Court **GRANTS** Defendant's motion (Dkt. 447) and exercises its inherent power to **LIFT THE STAY** on Defendants' counterclaims.

It is **SO ORDERED**.

February 16, 2021
Alexandria, Virginia

Liam O'Grady
United States District Judge

2