# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| RAI STRATEGIC HOLDINGS, INC. and R.J. REYNOLDS VAPOR COMPANY<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>ALTRIA CLIENT SERVICES LLC; PHILIP MORRIS USA INC.; and PHILIP MORRIS PRODUCTS S.A.<br><br>    Defendants and Counterclaim Plaintiffs. | Case No. 1:20-cv-00393-LO-TCB |

**PHILIP MORRIS' MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE IMPROPER TESTIMONY BY JAMES FIGLAR PREVIOUSLY EXCLUDED BY THE <u>COURT</u>**

Philip Morris respectfully submits this motion to exclude improper testimony from Reynolds' lay witness, Dr. James Figlar. Dr. Figlar is Reynolds' corporate representative and an experienced testifying witness. He is not an expert on any issues in this case. During the pre-trial process, Philip Morris moved to preclude Dr. Figlar from testifying on issues of non-infringement and invalidity. Dkt. 901 at 16. Philip Morris so moved out of concern that Reynolds may seek to introduce improper "back-door" expert testimony from its lay witness, Dr. Figlar. At the March 18, 2022 *Daubert* hearing, Reynolds assured Judge O'Grady that Dr. Figlar would not do so, representing that Dr. Figlar would:

> testify as a ***fact witness*** about his time at the company, his assessment of the accused products and their development, and the knowledge back in time of the patents-in-suit, but certainly on direct examination ***we have no intention to ask him to give opinions about infringement*** <u>***or these specific patents***</u>, whether the products infringe the patents.

March 18, 2022 Hearing Tr. at 71:21-72:1.[1] Judge O'Grady subsequently held that Dr. Figlar "is precluded from discussing theories of infringement, theories of invalidity, or the patent claims." Dkt. 1184 at 11-12. That should settle the issue.

Dr. Figlar was re-deposed on Friday June 3 on Judge O'Grady's order. In the *weeks* preceding trial, Reynolds produced 23,000 pages of documents and disclosed that the retired Dr. Figlar had conducted a series of "conversations" with Reynolds employees[2] on five "topics" that he was purportedly going to testify about at trial. Judge O'Grady unequivocally ruled that Dr. Figlar would not be permitted to either (i) be a mouthpiece for hearsay from others, or (ii) testify about any matters on which he lacked personal knowledge. May 20, 2022 Hearing Tr. at 22:19-23:6, 25:10-15; Dkt. 1184 at 12 (Court limiting Dr. Figlar to only testimony "based on Dr. Figlar's

---

[1] All emphases added unless otherwise noted.

[2] Not one of the five employees was on Reynolds' trial witness list or even listed on its Rule 26 initial disclosures (including supplementations).

personal knowledge or perceptions"). So that Philip Morris and the Court could police the new information Dr. Figlar obtained, about which he could not testify, Judge O'Grady *sua sponte* directed Reynolds to submit him to a deposition by Philip Morris prior to trial. May 20, 2022 Hearing Tr. at 25:10-15 (Court ordering deposition in lieu of Plaintiffs' request for proffer). At the Court-ordered June 3 deposition, Dr. Figlar revealed that he intends to testify about the very issues that Judge O'Grady excluded:

> Q. And what do you anticipate testifying to in your direct examination?
>
> A. I think, you know, in essence my testimony is going to be about reduce risk development, overall what Reynolds has done over the years. I have a pretty strong background on the history of what Reynolds has done. And then **obviously talk about the specific patents that are in this litigation**…
>
> Q. Sure. When you say "discuss the patents," what do you mean?
>
> A. Well, I mean, the -- **the patent issues that are, you know, at large in this case**, you know, with regard to how is -- how our products constructed, do they -- not -- you know, what is the comp- -- **what is the composition of our products versus what's stated in the patents**. And so I'll certainly be able to talk about **how our products differ than -- than what is in the patent**…

Ex. A at 20:2-21:15 (objections omitted). Dr. Figlar's candid description of his anticipated trial testimony directly contradicts Reynolds' representations to Judge O'Grady, is impermissible expert testimony from a lay witness, and violates the Court's Order regarding Plaintiffs' MIL #7. Dkt. 1184 at 12. In short, it is now plain that Reynolds—through Dr. Figlar—is planning to do precisely what Philip Morris objected to, what Reynolds' lawyers assured Judge O'Grady they would not do, and what Judge O'Grady barred.

Even putting those issues aside, Dr. Figlar's newly-revealed technical and patent testimony is incompetent. Judge O'Grady recognized that "it's difficult to determine when [Dr. Figlar's] blending in what would be expert opinion by somebody else, but he disguises it as fact witnesses.

3

And we've had that issue here already." ( 5/20/2022 Motion Hr. Tr. at 22:21-24).[3]  Reynolds cannot lay a foundation that Dr. Figlar had personal knowledge or perceptions unrelated to the present litigation of comparisons of the patents-in-suit to the accused products.  Yet this is precisely what Dr. Figlar said under oath on Friday that Reynolds intends to cover in his testimony.  Of course, even Dr. Figlar conceded he lacks personal knowledge about the "details about how each individual component works and functions":

> If you want to ask me ***detailed questions*** about individual pieces and parts, ***that's probably not me***.  I can talk ***generally*** about the technical aspects of the product, how they work, what the public health aspects are, you know, general knowledge about the overall technology that goes into them, what kinds of -- you know, does it have software, what kind of software.
>
> I mean, I know those things.  But if you want to get down into dirty ***details about how each individual component works and functions, that's probably not me***.

Ex. A at 137:8-138:1.  As this Court knows, it is "an abuse of discretion for the district court to permit" a lay witness "who was not qualified as a technical expert" "to testify as an expert on the issues of noninfringement or invalidity."  *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1362 (Fed. Cir. 2008).  Reynolds should not be permitted to "back door" improper expert testimony, or any testimony outside the scope of Dr. Figlar's pre-litigation personal knowledge and perception.

To avoid taking up the Court and jury's valuable time during trial, Plaintiffs respectfully request that the Court hold Reynolds to Judge O'Grady's order and to Reynolds' own representations to the Court, and not permit Dr. Figlar to testify regarding: (i)  any details about the components or functionality of the accused products; (ii) the substance of the asserted patents; (iii) any comparison between the accused products and the asserted patents; and (iv) any other

---

[3] This hearing is the same one where Judge O'Grady issued his oral rulings regarding Plaintiffs' motion for sanctions related to the five Fontem documents withheld by Defendants.

4

theories related to non-infringement, invalidity, or the patent claims.

Dated: June 7, 2022	Respectfully submitted,

    By: */s/ Maximilian A. Grant*
       Maximilian A. Grant  (VSB No. 91792)
       max.grant@lw.com
       Lawrence J. Gotts (VSB No. 25337)
       lawrence.gotts@lw.com
       Matthew J. Moore (*pro hac vice*)
       matthew.moore@lw.com
       Jamie Underwood (*pro hac vice*)
       jamie.underwood@lw.com
       LATHAM & WATKINS LLP
       555 Eleventh Street, N.W., Suite 1000
       Washington, DC 20004
       Telephone:  (202) 637-2200
       Facsimile:   (202) 637-2201

       Clement J. Naples (*pro hac vice*)
       clement.naples@lw.com
       LATHAM & WATKINS LLP
       885 Third Avenue
       New York, NY 10022-4834
       Tel: (212) 906-1200; Fax: (212) 751-4864

       Gregory J. Sobolski (*pro hac vice*)
       greg.sobolski@lw.com
       LATHAM & WATKINS LLP
       505 Montgomery Street, Suite 2000
       San Francisco, CA 94111
       Telephone:  (415) 391-0600
       Facsimile:   (415) 395-8095

       Brenda L. Danek (*pro hac vice*)
       brenda.danek@lw.com
       LATHAM & WATKINS LLP
       330 North Wabash Avenue, Suite 2800
       Chicago, IL 60611
       Tel: (312) 876-7700; Fax: (312) 993-9767

*Counsel for Plaintiffs Altria Client Services LLC, Philip Morris USA Inc., and Philip Morris Products S.A.*

By: */s/ Elizabeth Stotland Weiswasser*
W. Sutton Ansley (VSB No. 80085)
sutton.ansley@weil.com
Robert T. Vlasis III (*pro hac vice*)
robert.vlasis@weil.com
Stephanie Adamakos (*pro hac vice*)
stephanie.adamakos@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Tel: (202) 682-7000; Fax: 202-857-0940

Elizabeth Stotland Weiswasser (*pro hac vice*)
elizabeth.weiswasser@weil.com
Anish R. Desai (*pro hac vice*)
anish.desai@weil.com
WEIL, GOTSHAL & MANGES LLP
767 5th Avenue
New York, NY 10153
Tel: (212) 310-8000; Fax: 212-310-8007

Adrian C. Percer (*pro hac vice*)
adrian.percer@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000; Fax: 850-802-3100

*Counsel for Plaintiffs Altria Client Services LLC and Philip Morris USA Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of June, 2022, a true and correct copy of the foregoing was served using the Court's CM/ECF system, with electronic notification of such filing to all counsel of record.

/s/ Maximilian A. Grant
Maximilian A. Grant (VSB No. 91792)
max.grant@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Ste. 1000
Washington, DC 20004
Tel: (202) 637-2200; Fax: (202) 637-2201
